**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

American Reprographics Company, L.L.C. d/b/a MinnBlue Digital Imaging, a California limited liability company,

Plaintiff,

v.

Gary Nichols and As Soon As Possible, Inc., a Minnesota corporation,

Defendant.

Civil No. 00-1546 (DWF/SRN)

**ORDER**

On July 25, 2000, the Court, in accordance with the non-compete agreement signed by Defendant Gary Nichols, issued a temporary restraining order against Gary Nichols, prohibiting Defendant Nichols from working for Defendant As Soon As Possible ("ASAP") in any part of the business in which ASAP competes with MinnBlue Digital Imaging ("MinnBlue"). In issuing the temporary restraining order, the Court did not intend to remove the geographic limitation of the non-compete agreement. To the extent the Order was unclear in this regard, the Order is modified as follows:

> For a period of one year following the termination of his employment with MinnBlue, Gary Nichols is prohibited from working for ASAP, or any other business entity, in any part of the business in which the entity competes with MinnBlue, including selling the same type of products or services, *in an area that (1) is within fifty (50) miles of MinnBlue business, or (2) is in an area in which Gary Nichols was doing business for MinnBlue.*

FILED AUG 16 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

In addition, the Court prohibited Defendant Nichols from contacting any of MinnBlue's customers or known prospective customers for any purpose. The Court explicitly found that Defendant Nichols' purported oral agreement, that certain of MinnBlue's customers were exempt from the non-compete agreement (specifically, Business Incentives, Inc., Honeywell, Josten's, LifeTouch, 3M and Maurices), could not be used to vary the terms of the non-compete agreement. The Court therefore ordered that Business Incentives, Inc., Honeywell, Josten's, LifeTouch, 3M and Maurices were included in the prohibition against contacting MinnBlue's customers or known prospective customers. However, to the extent that Business Incentives, Inc., Honeywell, Josten's, LifeTouch, 3M or Maurices are not MinnBlue's customers or known prospective customers, then the temporary restraining order did not and does not apply to them on its face.

To the extent the Order was unclear in this regard, the Order is modified as follows:

> Mr. Nichols is further prohibited from contacting any of MinnBlue's customers or known prospective customers for any purpose; *this prohibition includes Business Incentives, Inc., Honeywell, Josten's, LifeTouch, 3M and Maurices, to the extent those entities are MinnBlue's customers or known prospective customers.*

Otherwise, the Court sees no need for clarification of the substantive aspects of the temporary restraining order, as the language of the order is explicit and speaks for itself.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. The temporary restraining order against Defendant Nichols, entered July 25, 2000, is hereby modified as follows:

> For a period of one year following the termination of his employment with MinnBlue, Gary Nichols is prohibited from working for ASAP, or any other business entity, in any part of the business in which the entity competes with MinnBlue, including selling the same type of products or services, in an area that (1) is within fifty (50) miles of MinnBlue business, or (2) is in an area in which

Gary Nichols was doing business for MinnBlue. Mr. Nichols is further prohibited from contacting any of MinnBlue's customers or known prospective customers for any purpose; this prohibition includes Business Incentives, Inc., Honeywell, Josten's, LifeTouch, 3M and Maurices, to the extent those entities are MinnBlue's customers or known prospective customers. Defendant Nichols is further enjoined from soliciting any of MinnBlue's employees to leave their employment with MinnBlue.

Defendant Nichols is enjoined from using or disclosing MinnBlue's confidential information or trade secrets.

Dated: August 16th, 2000

DONOVAN W. FRANK
Judge of United States District Court